1 | SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
2 | dkadue@seyfarth.com
2029 Century Park East, Suite 3500
3 | Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
4 | Facsimile:     (310) 201-5219

5 | SEYFARTH SHAW LLP
Geoffrey C. Westbrook (SBN 281961)
6 | gwestbrook@seyfarth.com
400 Capitol Mall, Suite 2350
7 | Sacramento, California 95814-4428
Telephone:     (916) 448-0159
8 | Facsimile:     (916) 558-4839

9 | Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY KRISTY, as an individual and on behalf of all others similarly situated,, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COSTCO WHOLESALE CORPORATION** |
| v. | |
| COSTCO WHOLESALE CORPORATION; and DOES 1 through 50, inclusive, | Complaint Filed: 04/28/2020 |
| Defendant. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Costco Wholesale Corporation files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, asserting that original jurisdiction exists under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005—"CAFA"), and that venue is proper in this Court because the Plaintiff, Anthony Kristy, is a Santa Clara resident who sued Costco in Santa Clara County Superior Court.

## I.    PROCEEDINGS IN STATE COURT

1.    On April 28, 2020, Plaintiff filed the attached Complaint in the Superior Court of California for the County of Santa Clara, in a lawsuit entitled, *Anthony Kristy v. Costco Wholesale Corporation*, Case No. 20CV366341. The Complaint asserts two causes of action: (1) "Violation of Labor Code §§ 201-203," and (2) "Violation of Labor Code § 2698, *et seq.*" (the California Private Attorneys General Act, or "PAGA").

2.    The Complaint is on behalf of Plaintiff and "a class of other similarly situated current and former employees" of Costco. Compl. 2:1-5.

3.    Costco denies that Plaintiff and the proposed class are entitled to anything, but treats the Complaint's allegations as true for purposes of this notice of removal.

## II.    TIMELINESS OF REMOVAL

4.    Plaintiff served the Summons and Complaint on Costco's registered agent, by personal service, no earlier than May 21, 2020. The Summons, Complaint, Civil Case Cover Sheet, and Complex Civil Guidelines are copied in **Exhibit A**. The Service of Process Transmittal showing the May 21, 2020 service date is copied as **Exhibit B**. Costco has not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, prior to this Notice of Removal.

5.    The time for filing a Notice of Removal does not run until a party has, under the applicable state law, been served with the summons and complaint "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

1    *Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by

2    simultaneous service of the summons and complaint").

3         6.    This Notice of Removal is timely because it is filed within 30 days of service of the

4    Summons and Complaint under California Code of Civil Procedure section 415.10. 28 U.S.C. §

5    1446(b)(1). Plaintiff served Costco's registered agent for service of process no earlier than May 21,

6    2020. Accordingly, the removal is timely.

7    **III.    CLASS ACTION FAIRNESS ACT REMOVAL**

8         7.    This Court has original jurisdiction over this action under CAFA, codified in pertinent part

9    at 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C.

10   § 1441(a), because this Court has original jurisdiction over the action in that (1) the aggregate amount in

11   controversy exceeds $5,000,000, exclusive of interest and costs, (2) Costco is neither a state, state

12   official, or other governmental entity, (3) the number of putative class members exceeds 100, and (4) the

13   action is a class action in which at least one class member is a citizen of a state different from that of a

14   defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5) & (d)(6).

15        **A.    Plaintiff and Costco are Minimally Diverse**

16        8.    CAFA requires only minimal diversity of citizenship for the purpose of establishing

17   federal jurisdiction; that is, at least one purported class member must be a citizen of a state different

18   from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of a state (California)

19   that differs from the state of Costco's citizenship, which is Washington.

20        9.    **Plaintiff's Citizenship**. For purposes of determining diversity, a person is a "citizen" of

21   the state in which he is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir.

22   1983) ("To show state citizenship for diversity purposes under federal common law a party must ... be

23   domiciled in the state."). Plaintiff is a citizen of California. He resides in Santa Clara, California. Compl.

24   ¶¶ 6-7 (describing Plaintiff working continuously in Santa Clara County from November 2017 through

25   April 2020). These allegations evidence a California domicile. Therefore, Plaintiff is a citizen of

26   California. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). That evidence

27   of California residence and domicile is confirmed by a search of public records available through the

28

3

NOTICE OF REMOVAL

1    LexisNexis Accurint system. That search shows that the Plaintiff, Anthony Kristy, has resided in the

2    State of California since at least 2005.

3          10.    **Costco's Citizenship**. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be

4    deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

5    principal place of business." Costco is now, and since this action commenced has been, incorporated

6    under the laws of the State of Washington, with its principal place of business in Washington and with

7    its headquarters in Issaquah, Washington. Costco's principal place of business is in Washington under

8    the "nerve center" test because most of Costco's executive and administrative functions occur in its

9    corporate headquarters at Issaquah, Washington. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

10   Costco has been at all relevant times a citizen of the State of Washington. It is not now, and was not at

11   the time of the filing of the Complaint, a citizen of the State of California.

12          11.    **Doe Defendants**. Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown

13   defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C.

14   §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need

15   not join a removal petition). Thus, the naming by Plaintiff of Doe Defendants 1 to 50 does not deprive

16   this Court of jurisdiction.

17   **IV.    COSTCO IS NOT A GOVERNMENTAL ENTITY**

18          12.    Costco is not a state, a state official, or some other governmental entity.

19   **V.    THERE ARE MORE THAN 100 POTENTIAL CLASS MEMBERS**

20          13.    CAFA requires that the aggregated number of members of all putative classes in the

21   complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent "[a]ll non-exempt

22   employees of Defendant in the State of California who were paid sick pay wages during their

23   employment and whose employment ended at any time between April 6, 2017, through the present (the

24   "Class")." Compl. 4:14-19. Costco is informed, believes, and alleges that the total number of full-time

25   and part-time hourly employees in the alleged putative class from April 28, 2017[1] to May 28, 2020 is

26   5,963.

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

     [1] As the Complaint was filed on April 28, 2020 and the statute of limitations for a claim under
28   Labor Code section 203 is three years, Plaintiff's proposed class is overbroad. *See Pineda v. Bank of
     America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

                                        4

## VI.   THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY MINIMUM

### A.   Costco Need Only Show That The Amount In Controversy Exceeds The Statutory Minimum

14.   CAFA requires that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 982 (9th Cir. 2013).

15.   Although **Costco denies any liability at all**, the amount in controversy that Plaintiff **alleges** easily exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other information as identified herein), assuming the truth of those allegations without any admission.

16.   Under CAFA, courts aggregate the claims of the individual class members to see if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended CAFA jurisdiction to apply "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case. … Overall, section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

17.   Costco, in removing, need only plausibly claim that the amount in controversy exceeds the jurisdictional minimum. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

18.   Where, as here, a plaintiff has failed to specify damages, a reasonable estimate of the alleged amount in controversy is appropriate. *Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Moreover, where, as here, a plaintiff alleges a systematic scheme of abuse (Compl. ¶¶ 2-4, 8,

5

1   and 24), without including "any modifying language to suggest less than uniform violations," the

2   amount in controversy can be satisfied by assuming a 100% violation rate. *Franke v. Anderson*

3   *Merchandisers LLC*, No. CV 17–3241 DSF (AFMx), 2017 WL 3224656, at \*2 (C.D. Cal. July 28, 2017)

4   (distinguishing *Ibarra*); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14–cv–09809–SVW–PJW,

5   2015 WL 898512, at \*2-3 (C.D. Cal. March 3, 2015) ("Removing defendants will inevitably rely on

6   some assumptions to support removal; a removing defendant is not required to go so far as to prove

7   Plaintiff's case for him by proving the actual rates of violation.").

8         19.    In determining the amount in controversy, courts consider the recovery sought, including

9   penalties, as well as recoverable attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

10   Cir. 1998) (finding that claims for attorneys' fees should be included in amount in controversy,

11   regardless of whether award is discretionary or mandatory). The burden of establishing the jurisdictional

12   threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not

13   obligated to research, state, and prove the plaintiff's claims for damages." *Valdez v. Allstate Ins. Co.*,

14   372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award

15   with one hundred percent accuracy."). The amount in controversy is determined at the time of removal

16   and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain*

17   *Solutions*, No. 1:10–cv–01555–LJO–SKO, 2011 WL 92016, at \*11 (E.D. Cal. January 11, 2011)

18   (holding that, for purposes of removal, a court "must deal with what has actually been pled").

19       **B.**      **The Total Amount In Controversy Easily Exceeds $5,000,000**

20         20.    Assuming all putative class members were not properly compensated at the time of

21   discharge, the amount in controversy for the single claim of failing to timely pay final wages itself far

22   exceeds $5 million. Plaintiff seeks penalties under Labor Code section 203 of up to 30 working days of

23   wages for failure to pay wages due when employment terminates. Compl. ¶¶ 25-32. Plaintiff seeks these

24   penalties on behalf of himself and all other non-exempt employees in California whose employment

25   terminated during the three years preceding the lawsuit. *Id.* ¶¶ 1-4, 16. As Plaintiff correctly suggests,

26   the statute of limitations for claims under Section 203 is three years. *Pineda*, 50 Cal. 4th at 1398. If

27   Plaintiff prevails on this class-wide claim, then each putative class member whose employment ceased

28   since April 28, 2017 (three years preceding the lawsuit) would be entitled to 30 working days of wages.

6

21.     Costco is informed, believes, and alleges that since April 28, 2017, Costco had 5,963 non-exempt employees in California who were paid sick pay during their employment and whose employment ended (1,521 full-time and 4,442 part-time employees). Costco is informed, believes, and alleges that during the applicable period, these California employees, on average, worked well in excess of four hours per day, and earned in excess of $15 per hour, and thus over the course of 30 working days would earn well in excess of four hours/day * $15/hour * 30 days = $1,800. That would be the minimum average amount of the Section 203 penalty for each terminated employee.

22.     On the basis of these very conservative estimates, the Section 203 liability easily exceeds the CAFA threshold. Specifically, 5,963 terminated employees who were paid sick pay wages during their employment, each entitled to $1,800 in Section 203 penalties, would generate more than double the statutory threshold. (Again, Costco denies there is any liability at all, but the Complaint is pleaded so broadly that the amount thus placed in controversy is large.)

23.     If there could be any reasonable doubt on the matter (and there could not), it is worth noting that Plaintiff also asserts a PAGA claim. Compl. ¶¶ 3, 33-36. In particular, Plaintiff seeks to recover civil penalties under PAGA for each violation of Labor Code sections 201, 202, 203, and 246 arising from Costco's alleged miscalculation of and failure to pay sick pay. PAGA allows an employee to recover civil penalties against his or her employer for Labor Code violations. *Arias v. Superior Court*, 46 Cal. 4th 969, 980–81 (2009). The Labor Code provides a civil penalty in an amount not to exceed 30 days' pay as a waiting time penalty for employers who do not pay an employee his or her wages on termination under Labor Code section 203. PAGA also provides for a civil penalty of $100 for each aggrieved employee per pay period for each Labor Code violation that does not specifically establish a civil penalty. Assuming there are 1,500 hourly employees in the one-year PAGA claim period (Cal. Civ. Proc. Code § 340) and two Labor Code violations per employee, the PAGA penalties alleged in the Complaint, alone, would easily exceed the statutory threshold.

24.     In addition to the damages described above, Plaintiff seeks to recover attorneys' fees. Compl. 9:12-15. These fees, too, go toward the amount in controversy.

NOTICE OF REMOVAL

1 | **VII.   VENUE**

2 |   25. As discussed above, Plaintiff is a resident of California. Plaintiff originally sued in the

3 | Superior Court of the State of California, County of Santa Clara, within the Northern District of

4 | California, San Jose Division. Therefore, the Complaint is properly removed to this district.

5 | **VIII.   NOTICE OF REMOVAL**

6 |   26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will

7 | be given promptly to Plaintiff and his counsel, and, together with a copy of the Notice of Removal, will

8 | be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara.

9 | **IX. PRAYER FOR REMOVAL**

10 |   27. WHEREFORE, Costco prays that this civil action be removed from the Superior Court of

11 | the State of California, County of Santa Clara, to the United States District Court for the Northern

12 | District of California.

13

14 | DATED: June 22, 2020

Respectfully submitted,

15 | SEYFARTH SHAW LLP

16

17 | By: _____

18 | David D. Kadue
Geoffrey C. Westbrook
Attorneys for Defendant

19 | COSTCO WHOLESALE CORPORATION

20 | 63580149v.1

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

1

**PROOF OF SERVICE**

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 400 Capitol Mall, Suite 2350, Sacramento, California  95814-

3

4428.  On June 22, 2020, I served the within document(s):

4

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEDFENDANT COSTCO WHOLESALE CORPORATION;**

5

**CIVIL COVER SHEET;**

6

7

8

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

9

10

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California,

11

addressed as set forth below.

12

| Larry w. Lee | Attorneys for Plaintiff |
| Max W. Gavron | |
| Diversity Law Group, P.C. | Tel: 213-488-6555 |
| 515 S. Figueroa Street, Suite 1250 | Fax: 213-488-6554 |
| Los Angeles, CA  90071 | lwlee@diversitylaw.com |
| | mgavron@diversitylaw.com |

13

14

15

16

| William L. Marder | Attorneys for Plaintiff |
| Polaris law Group LLP | |
| 501 San Benito Street, suite 200 | Tel: 831-531-4214 |
| Hollister, CA  95023 | Fax: 831-634-0333 |
| | bill@polarislawgroup.com |

17

18

19

20

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

21

postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

22

after date of deposit for mailing in affidavit.

23

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.  Executed on June 22, 2020, at Sacramento, California.

24

25

*Linda Ninelist*
_____

26

Linda Ninelist

27

28

PROOF OF SERVICE

64506749v.1