**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORPORATION; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTHONY KRISTY, as an individual and
on behalf of all others similarly situated,

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>4/28/2020 2:48 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV366341<br>Reviewed By: R. Tien<br>Envelope: 4292032 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Santa Clara<br>191 N. First Street, San Jose, CA 95113 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>20CV366341 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee  (SBN 228175)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071, 213-488-6555

| | | | | |
|---|---|---|---|---|
| **DATE:**<br>*(Fecha)* | 4/28/2020 2:48 PM | Clerk of Court | **Clerk, by**<br>*(Secretario)* R. Tien | , **Deputy**<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Costco Wholesale Corporation
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/21/20

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

E-FILED
4/28/2020 2:48 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366341
Reviewed By: R. Tien

1  Larry W. Lee (State Bar No. 228175)
   Max W. Gavron (State Bar No. 291697)
2  **DIVERSITY LAW GROUP, P.C.**
3  515 S. Figueroa Street, Suite 1250
   Los Angeles, CA 90071
4  (213) 488-6555
   (213) 488-6554 facsimile
5

6  William L. Marder, Esq. (State Bar No. 170131)
   **Polaris Law Group LLP**
7  501 San Benito Street, Suite 200
   Hollister, CA 95023
8  Tel: (831) 531-4214
9  Fax: (831) 634-0333

10 Attorneys for Plaintiff and the Class

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13               **FOR THE COUNTY OF SANTA CLARA**

14

15 ANTHONY KRISTY, as an individual and         Case No.:    20CV366341
   on behalf of all others similarly situated,
16                                               **CLASS AND REPRESENTATIVE ACTION**
               Plaintiffs,                       **COMPLAINT FOR DAMAGES FOR:**
17
18             vs.                               **(1) VIOLATION OF CAL. LABOR CODE §§**
                                                 **201–203;**
19 COSTCO WHOLESALE
   CORPORATION; and DOES 1 through              **(2) VIOLATION OF CAL. LABOR CODE §§**
20 50, inclusive,                                **2698, *ET SEQ.*;**
21             Defendants.                        **DEMAND OVER $25,000.00**

22

23

24

25

26

27

28

1

Plaintiff Anthony Kristy ("Plaintiff") hereby submits this Class and Representative Action Complaint ("Complaint") against Defendant Costco Wholesale Corporation ("Defendant") and Does 1 through 50 (hereinafter collectively referred to as "Defendants"), on behalf of himself and a class of all other similarly situated current and former employees of Defendants for civil and statutory penalties under the California Labor Code as follows:

## INTRODUCTION

1.    This class and representative action is within the Court's jurisdiction under California Labor Code sections 201–203, 246, and 2698 *et seq.*

2.    This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to properly calculate the rate of pay for employees paid sick time and failure to pay all wages due at the time of termination and/or separation from employment.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over the violations of California Labor Code sections 201–203, 246, and 2698 *et seq.*

6.    Venue is proper in Santa Clara County because Defendant operates stores in Santa Clara County, and Plaintiff was employed by Defendant in Santa Clara County.

## PARTIES

7.    Plaintiff was employed by Defendant from approximately November 2017, through April 2020. Throughout Plaintiff's employment with Defendant, he has been a non-exempt, hourly employee.

2

8.     Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code sections 201–203, 246, and 2698 *et seq.*

9.     Plaintiff is informed and believes, and based thereon alleges, that Costco Wholesale Corporation is a Washington corporation that maintains operations in the State of California, including stores in Santa Clara, California.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to the California Labor Code.

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

1  remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting
2  Defendants.

3      14.    At all times herein mentioned, Defendants, and each of them, were members of,
4  and engaged in, a joint venture, partnership and common enterprise, and acting within the course
5  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6      15.    At all times herein mentioned, the acts and omissions of various Defendants, and
7  each of them, concurred and contributed to the various acts and omissions of each and all of the
8  other Defendants in proximately causing the injuries and damages as herein alleged. At all times
9  herein mentioned, Defendants, and each of them, ratified each and every act or omission
10 complained of herein. At all times herein mentioned, Defendants, and each of them, aided and
11 abetted the acts and omissions of each and all of the other Defendants in proximately causing the
12 damages as herein alleged.

13                         **CLASS ACTION ALLEGATIONS**

14     16.    **Definition:**  The named individual Plaintiff seeks class certification, pursuant to
15 California Code of Civil Procedure section 382. Plaintiff proposes the following class and
16 subclasses:

17          a.  All non-exempt employees of Defendant in the State of California who were
18              paid sick pay wages during their employment and whose employment ended
19              at any time between April 6, 2017, through the present (the "Class");

20          b.  All non-exempt employees of Defendant in the State of California who were
21              paid sick pay wages and non-discretionary incentive wages, including, but not
22              limited to, shift differential wages, in the same workweek during their
23              employment and whose employment ended  at any time between April 6,
24              2017, through the present ("Subclass 1"); and

25          c.  All non-exempt employees of Defendant in the State of California who were
26              paid non-discretionary incentive wages, including, but not limited to, shift
27              differential wages, within 90 days prior to the payment of sick pay wages
28              during their employment and whose employment ended  at any time between

                                          4

1     April 6, 2017, through the present ("Subclass 2").

2     17.    **Numerosity**:  The members of the Class are so numerous that joinder of all

3     members would be impractical, if not impossible. The identity of the members of the Class is

4     readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is

5     informed and believes, and based thereon alleges, that Defendant failed to properly calculate the

6     proper rate of pay for sick pay for employees in violation of Labor Code section 246, and, as a

7     result, failed to pay all wages due upon separation from employment pursuant to Labor Code

8     sections 201–203.

9     18.    **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all

10    necessary steps to represent fairly and adequately the interests of the Class defined above.

11    Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and

12    the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class

13    actions in the past and currently have a number of wage-and-hour class actions pending in

14    California state and federal courts.

15    19.    **Common Question of Law and Fact**:  There are predominant common questions

16    of law and fact and a community of interest amongst Plaintiff and the claims of the Class

17    concerning Defendants' policy and practice of failing to pay sick pay wages at the proper regular

18    rate of pay.

19    20.    **Typicality**:  The claims of Plaintiff are typical of the claims of all members of the

20    Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner

21    as the Class Members. As with other California employees, Plaintiff was not paid his sick pay at

22    the proper regular rate of pay.  As a result of this, he and other employees who no longer work

23    for Defendants did not receive all of their wages due and owing at the conclusion of their

24    employment with Defendants. Accordingly, Plaintiff is a victim of Defendants' violation of

25    California Labor Code sections 201–03, as are the putative class members.

26    21.    The California Labor Code section upon which Plaintiff bases these claims is

27    broadly remedial in nature. These laws and labor standards serve an important public interest in

28    establishing minimum working conditions and standards in California. These laws and labor

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1  standards protect the average working employee from exploitation by employers who may seek

2  to take advantage of superior economic and bargaining power in setting onerous terms and

3  conditions of employment.

4      22.    The nature of this action and the format of laws available to Plaintiff and

5  members of the Class identified herein make the class action format a particularly efficient and

6  appropriate procedure to redress the wrongs alleged herein. If each employee were required to

7  file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable

8  advantage since it would be able to exploit and overwhelm the limited resources of each

9  individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class

10  Member to pursue an individual remedy would also discourage the assertion of lawful claims by

11  employees who would be disinclined to file an action against their former and/or current

12  employer for real and justifiable fear of retaliation and permanent damage to their careers at

13  subsequent employment.

14      23.    The prosecution of separate actions by the individual Class Members, even if

15  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

16  to individual Class Members against the Defendants and which would establish potentially

17  incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

18  individual Class Members which would, as a practical matter, be dispositive of the interest of the

19  other Class Members not parties to the adjudications or which would substantially impair or

20  impede the ability of the Class Members to protect their interests. Further, the claims of the

21  individual members of the Class are not sufficiently large to warrant vigorous individual

22  prosecution considering all of the concomitant costs and expenses.

23      24.    Such a pattern, practice and uniform administration of corporate policy regarding

24  illegal payroll practices described herein is unlawful and creates an entitlement to recovery by

25  Plaintiff and the Class identified herein, in a civil action, for applicable penalties, reasonable

26  attorneys' fees, and costs of suit according to Code of Civil Procedure sections 218.5 and 1021.5.

27      25.    Proof of a common business practice or factual pattern, which the named Plaintiff

28  experienced and is representative of, will establish the right of each of the members of the

Plaintiff Class to recovery on the causes of action alleged herein.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201–203

### (BY PLAINTIFF AND THE CLASS AND SUBCLASSES AGAINST ALL DEFENDANTS)

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

28.     Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

29.     Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

30.     Labor Code § 246 provides that an employee is entitled to receive sick time pay. The employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

31.     Whenever Defendants paid Plaintiff and the Class Members sick time pursuant to California Labor Code § 246, Defendants did so at the incorrect rate of pay.  Defendants paid Plaintiff and the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all non-discretionary bonuses, or by dividing the employees'

7

total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor Code violations, because Defendants did not pay, or timely pay, Plaintiff and the Class Members all owing and unpaid wages for work performed by them during their employment and at the end of their employment.

32.     Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty. Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

**(BY PLAINTIFF, ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES,**

**AGAINST ALL DEFENDANTS)**

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from April 20, 2019, through the present, for Defendant's policy and practice of failing to properly compensate employees for sick pay wages at the regular rate of pay as defined in Labor Code § 246.

35.     On or about April 20, 2020, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code sections 201, 202, 203, and 246, pursuant to Labor Code section 2698, *et seq*., the Private Attorney General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff's written notice.

36.     As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code sections 201, 202, 203,

8

1 | and 246 for the time period described above, on behalf of himself and other Aggrieved
2 | Employees.

3 | **PRAYER FOR RELIEF**

4 | WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf
5 | this suit is brought against Defendants, jointly and severally, as follows:

6 | 1.    For an order certifying the proposed Class;

7 | 2.    For an order appointing Plaintiff as the representative of the Class as described
8 | herein;

9 | 3.    For an order appointing Counsel for Plaintiff as Class counsel;

10 | 4.    Upon the First Cause of Action, for penalties pursuant to California Labor Code
11 | sections 201, 202, and 203, and for costs and attorneys' fees;

12 | 5.    Upon the Second Cause of Action, for civil penalties according to proof pursuant
13 | to Labor Code section 2698, *et seq.*, and for costs and attorneys' fees;

14 | 6.    On all causes of action for attorneys' fees and costs as provided by Code of Civil
15 | Procedure sections 218.5 and 1021.5; and

16 | 7.    For such other and further relief the Court may deem just and proper.

18 | DATED: April 28, 2020                    DIVERSITY LAW GROUP, P.C.

20 |                                          By:

21 |                                          Larry W. Lee
                                             Max W. Gavron
                                             Attorneys for Plaintiff and the Class

9

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Larry W. Lee (SBN 228175) / Max W. Gavron (291697)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554<br>ATTORNEY FOR *(Name):* Plaintiff Anthony Kristy | FOR COURT USE ONLY<br><br>Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/28/2020 2:48 PM<br>Reviewed By: R. Tien<br>Case #20CV366341<br>Envelope: 4292032 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Anthony Kristy v. Costco Wholesale Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20CV366341 |
| | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 28, 2020

Larry W. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: ___20CV366341___

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   ***You or your attorney must appear at the CMC.***  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: ___Walsh, Brian C___    Department: ___1___

The 1st CMC is scheduled for: (Completed by Clerk of Court)

   Date: _9/4/2020_    Time: _10:00 AM_   in Department: _1_

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

   Date: _____   Time: _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

| | |
|---|---|
| Santa Clara County Superior Court | Santa Clara County DRPA Coordinator |
| ADR Administrator | 408-792-2784 |
| 408-882-2530 | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA 95113-1090

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/20/2020 3:19 PM
Reviewed By: R. Walker
Case #20CV366341
Envelope: 4358109**

TO:     FILE COPY

RE:                  **Kristy v. Costco Wholesale Corporation**
CASE NUMBER:     **20CV366341**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
### AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **ANTHONY KRISTY** ("Plaintiff"), et al. in the Superior Court of California, County of Santa Clara, on **April 28, 2020** and the matter was assigned to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **ANTHONY KRISTY**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **September 4, 2020 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: 5-18-20

Hon. **Brian C. Walsh**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service. (800) 735-2922.

**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
05/21/2020
CT Log Number 537695212

TO:  John Sullivan, Corporate Counsel
Costco Wholesale Corporation
Legal Dept., 999 Lake Drive
Issaquah, WA 98027-

RE:  **Process Served in California**

FOR:  Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANTHONY KRISTY, as an individual and on behalf of all others similarly situated, Pltf. vs. COSTCO WHOLESALE CORPORATION, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV366341 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/21/2020 at 13:09 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/21/2020, Expected Purge Date: 05/26/2020<br><br>Image SOP<br><br>Email Notification,  Nicola Merrett  nmerrett@costco.com<br><br>Email Notification,  John Sullivan  JSULLIVAN@COSTCO.COM |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.