Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY KRISTY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-04119-BLF<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF CAL. LABOR CODE §§ 201–203;**<br><br>(2) **VIOLATION OF CAL. LABOR CODE §§ 2698, *ET SEQ.*;**<br><br>**DEMAND OVER $25,000.00** |

Plaintiff Anthony Kristy ("Plaintiff") hereby submits this First Amended Class and Representative Action Complaint ("Complaint") against Defendant Costco Wholesale Corporation ("Defendant") and Does 1 through 50 (hereinafter collectively referred to as "Defendants"), on behalf of himself and a class of all other similarly situated current and former employees of Defendants for civil and statutory penalties under the California Labor Code as follows:

## INTRODUCTION

1. This class and representative action is within the Court's jurisdiction under California Labor Code sections 201–203, 246, and 2698 *et seq.*

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to properly calculate the rate of pay for employees paid sick time and failure to pay all wages due at the time of termination and/or separation from employment. Plaintiff and the Class earned sick pay wages while working for Defendants. Defendants treated sick pay wages earned by Plaintiff and the Class as traditional wages because they routinely deducted taxes and other wage withholdings from the sick pay earnings. Furthermore, on information and belief, Plaintiff and the Class earned sick pay hours in direct proportion to the number of hours they worked.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the violations of California Labor Code sections 201–203, 246, and 2698 *et seq.* On June 22, 2020, Defendants removed this action to the United States District Court for the Northern District of California. Dkt. No. 1.

6. Venue was proper when Plaintiff filed this action in Santa Clara County because Defendant operates stores in Santa Clara County, and Plaintiff was employed by Defendant in Santa Clara County.

**PARTIES**

7. Plaintiff was employed by Defendant from approximately November 2017, through April 2020. Throughout Plaintiff's employment with Defendant, he has been a non-exempt, hourly employee. Plaintiff earned sick pay wages while working for Defendant. On information and belief, the number of sick pay wages earned by Plaintiff were directly proportional to the number of hours that he worked. When Defendant paid Plaintiff sick pay wages, Defendant would deduct taxes and withholdings in the same manner as Plaintiff's normal wages for income tax purposes.

8. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code sections 201–203, 246, and 2698 *et seq*.

9. Plaintiff is informed and believes, and based thereon alleges, that Costco Wholesale Corporation is a Washington corporation that maintains operations in the State of California, including stores in Santa Clara, California.

10. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to the California Labor Code.

11. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and

1 class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

2   12.   At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

   13.   Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

   14.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

   15.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

   16.   **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure section 382. Plaintiff proposes the following class and subclasses:

   a.   All non-exempt employees of Defendant in the State of California who were

paid sick pay wages during their employment and whose employment ended at any time between April 6, 2017, through the present (the "Class");

b. All non-exempt employees of Defendant in the State of California who were paid sick pay wages and non-discretionary incentive wages, including, but not limited to, shift differential wages, in the same workweek during their employment and whose employment ended at any time between April 6, 2017, through the present ("Subclass 1"); and

c. All non-exempt employees of Defendant in the State of California who were paid non-discretionary incentive wages, including, but not limited to, shift differential wages, within 90 days prior to the payment of sick pay wages during their employment and whose employment ended at any time between April 6, 2017, through the present ("Subclass 2").

17. **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to properly calculate the proper rate of pay for sick pay for employees in violation of Labor Code section 246, and, as a result, failed to pay all wages due upon separation from employment pursuant to Labor Code sections 201–203.

18. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

19. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of failing to pay sick pay wages at the proper regular

rate of pay. Plaintiff and the Class earned sick pay wages while working for Defendants. Defendants treated sick pay wages earned by Plaintiff and the Class as traditional wages because they routinely deducted taxes and other withholdings from the earnings as they do with other wages. Furthermore, on information and belief, Plaintiff and the Class earned sick pay hours in direct proportion to the number of hours they worked.

20. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As with other California employees, Plaintiff was not paid his sick pay wages at the proper regular rate of pay. Defendants treated sick pay wages earned by Plaintiff and the Class as traditional wages because they routinely deducted taxes and other withholdings from the earnings as they do with other wages. On the wage statements Defendants issued to Plaintiff and the Class, Defendants identified each employee's balance of sick pay in a section entitled "Leave Balance Summary." Defendants identified Plaintiff's "Leave Balance Summary" as "Sick and Personal," which further supports Defendants' characterization of sick pay wages as traditional "wages" because personal time off is considered "wages" by California courts. Furthermore, on information and belief, Plaintiff and the Class earned "Sick and Personal" pay hours in proportion to the number of hours they worked. For example, for the pay date of March 6, 2020, Plaintiff worked 79.81 hours and earned 3.08 hours in "Sick and Personal" time. For the pay date of March 20, 2020, Plaintiff worked only 72.17 hours and earned 2.69 hours in "Sick and Personal" time. Accordingly, on information and belief, when Plaintiff and the Class worked less hours, they earned less "Sick and Personal" time. As a result of this, Plaintiff and other employees who no longer work for Defendants did not receive all their wages due and owing at the conclusion of their employment with Defendants because Defendants did not pay sick pay wages at the correct, regular rate of pay. Accordingly, Plaintiff is a victim of Defendants' violation of California Labor Code sections 201–03, as are the putative class members.

21. The California Labor Code section upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in

establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

22. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

23. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

24. Such a pattern, practice and uniform administration of corporate policy regarding illegal payroll practices described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for applicable penalties, reasonable attorneys' fees, and costs of suit according to Code of Civil Procedure sections 218.5 and 1021.5.

25. Proof of a common business practice or factual pattern, which the named Plaintiff

experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

### FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201–203

### (BY PLAINTIFF AND THE CLASS AND SUBCLASSES AGAINST ALL DEFENDANTS)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

28. Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

29. Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

30. Labor Code § 246 provides that an employee is entitled to receive sick time pay. The employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

31. Defendants treated sick pay wages earned by Plaintiff and the Class as traditional wages, subject to the penalties set forth in Labor Code Sections 201-03, because they routinely deducted taxes and other withholdings from the earnings just as they do with other wages. On

the wage statements Defendants issued to Plaintiff and the Class, Defendants identified each employee's balance of sick pay in a section entitled "Leave Balance Summary." Defendants identified Plaintiff's "Leave Balance Summary" as "Sick and Personal," which further supports Defendants' characterization of sick pay wages as traditional "wages" because personal time off is considered "wages" by California courts. Furthermore, on information and belief, Plaintiff and the Class earned "Sick and Personal" pay hours in proportion to the number of hours they worked. For example, for the pay date of March 6, 2020, Plaintiff worked 79.81 hours and earned 3.08 hours in "Sick and Personal" time. For the pay date of March 20, 2020, Plaintiff worked only 72.17 hours and earned 2.69 hours in "Sick and Personal" time. Accordingly, on information and belief, when Plaintiff and the Class worked less hours, they earned less "Sick and Personal" time, and vice versa. As a result of this, Plaintiff and other employees who no longer work for Defendants did not receive all their wages due and owing at the conclusion of their employment with Defendants because Defendants did not pay sick pay wages at the correct, regular rate of pay.

32. Whenever Defendants paid Plaintiff and the Class Members sick time pursuant to California Labor Code § 246, Defendants did so at the incorrect rate of pay. Defendants paid Plaintiff and the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all non-discretionary bonuses, or by dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, and 203, and other derivative Labor Code violations, because Defendants did not pay, or timely pay, Plaintiff and the Class Members all owing and unpaid wages for work performed by them during their employment and at the end of their employment.

33. Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty. On information and belief, Defendants were advised by skilled lawyers and knew, or

should have known, of the mandates of the California Labor Code as it relates to Plaintiff's allegations above. Defendants treated "Sick and Personal" time pay as wages, for the reasons described above, and, on information and belief, Defendants knew or should have known that sick pay is considered wages, since the California Supreme Court held that, "Courts have recognized that "wages" also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, ***and sick pay***." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) (emphasis added). Thus, since at least 2007, Defendants should have known that sick pay are considered wages, subject to the requirements of Labor Code Sections 201–03. Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

## (BY PLAINTIFF, ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from April 20, 2019, through the present, for Defendant's policy and practice of failing to properly compensate employees for sick pay wages at the regular rate of pay as defined in Labor Code § 246.

36. On or about April 20, 2020, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code sections 201, 202, 203, and 246, pursuant to Labor Code section 2698, *et seq.*, the Private Attorney General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff's written notice.

37. As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code sections 201, 202, 203, and 246 for the time period described above, on behalf of himself and other Aggrieved

Employees. As explained in detail above, Defendants failed to pay Plaintiff and aggrieved employees all wages due and owing at the conclusion of their employment, and thus are subject to the penalties under the PAGA for their failure to comply with Labor Code Sections 201–03 and 246.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing Counsel for Plaintiff as Class counsel;
4. Upon the First Cause of Action, for penalties pursuant to California Labor Code sections 201, 202, and 203, and for costs and attorneys' fees;
5. Upon the Second Cause of Action, for civil penalties according to proof pursuant to Labor Code section 2698, *et seq*., and for costs and attorneys' fees;
6. On all causes of action for attorneys' fees and costs as provided by Code of Civil Procedure sections 218.5 and 1021.5; and
7. For such other and further relief the Court may deem just and proper.

DATED: July 13, 2020                    DIVERSITY LAW GROUP, P.C.


                                        By: */s/ Larry W. Lee*
                                            Larry W. Lee
                                            Max W. Gavron
                                        Attorneys for Plaintiff and the Class